NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**30580**
**09-JAN-2012**
**08:38 AM**

NO. 30580

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MAUI KAHAWAIOLAA,
Claimant-Appellant,
v.
UNITED AIRLINES, INC.,
Employer, Self-Insured-Appellee,
and
GALLAGHER BASSETT SERVICES,
Third-Party Administrator-Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL APPEALS BOARD
(CASE NO. AB 2007-552 (2-07-04407))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Claimant-Appellant Maui Kahawaiolaa (Kahawaiolaa) appeals from the Decision and Order (Decision) of the Labor and Industrial Relations Appeals Board (LIRAB) filed on May 24, 2010. LIRAB affirmed the November 13, 2007 decision of the Director (Director) of the Department of Labor and Industrial Relations denying Kahawaiolaa's claims for psychological stress and a right clavicle injury on the basis that his claims did not arise out of and in the course of his employment.

On appeal, Kahawaiolaa contends LIRAB erroneously upheld the Director's decision and wrongly concluded that Kahawaiolaa "engaged in a substantial deviation from and a

distinct departure from his employment" as a flight attendant when he changed a lightbulb at his mother's house while on a layover. Kahawaiolaa claimed that at the time of the accident he was suffering from work-related mental stress as a result of having been notified of pending disciplinary action against him and the stress caused him to black out while changing a lightbulb, fall, and break his clavicle. Related to this argument is his contention that in the Decision, Findings of Fact (FOFs) 14 and 15 are clearly erroneous.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kahawaiolaa's points of error as follows:

(1) In his opening brief, Kahawaiolaa fails to dispute numerous FOFs in the Decision that support LIRAB's ultimate determination. LIRAB's FOFs, excluding FOFs 14 and 15 which Kahawaiolaa does dispute, support LIRAB's conclusion that Employer-Appellee United Airlines, Inc. met its burden of proving that Kahawaiolaa's injuries were not work-related. Thus, Kahawaiolaa's failure to challenge LIRAB's FOFs in his points of error provides a basis for us to affirm the Decision. See Wisdom v. Pflueger, 4 Haw. App. 455, 459, 667 P.2d 844, 848 (1983); Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002).

(2) Even if we were to overlook the deficiency in Kahawaiolaa's brief, we would still affirm the Decision because Kahawaiolaa's claims are noncompensable.

(a) Kahawaiolaa's claim for mental stress was based on threatened disciplinary action regarding a confrontation he had with a co-worker over comments the co-worker allegedly made to Kahawaiolaa's girlfriend about Kahawaiolaa. The claim was not compensable because it did not arise "out of and in the course of" Kahawaiolaa's employment. HRS § 386-3(a) & (c) (Supp. 2010); Davenport v. City & Cnty. of Honolulu, Honolulu Fire

Dep't, 100 Hawai'i 481, 490, 60 P.3d 882, 891 (2002); see also Chung v. Animal Clinic, Inc., 63 Haw. 642, 648, 636 P.2d 721, 725 (1981); Miyamoto v. Wahiawa Gen. Hosp., 101 Hawai'i 293, 303, 67 P.3d 792, 802 (App. 2003); Zemis v. SCI Contractors, Inc., 80 Hawai'i 442, 444 & 446-48, 911 P.2d 77, 79 & 81-83 (1996).

(b) Because the claim for mental stress was not compensable, the claim for a broken clavicle was not compensable. Davenport, 100 Hawai'i at 494, 60 P.3d at 895.

(c) Because neither claim was compensable, we need not address whether Kahawaiolaa "engaged in a substantial deviation from and a distinct departure from his employment" when he changed a lightbulb at his mother's house while on a layover. Regardless of whether LIRAB's FOFs 14 and 15 are clearly erroneous, any error was harmless.

Therefore,

IT IS HEREBY ORDERED that the Decision and Order of the Labor and Industrial Relations Appeals Board filed on May 24, 2010 is affirmed.

DATED: Honolulu, Hawai'i, January 9, 2012.

On the briefs:

Charles H. Brower
for Claimant-Appellant.

Jennifer M. Yusi
Erin H. Yoda
(Rush Moore LLP)
for Self-Insured Employer-
Appellee United Airlines,
Inc., and Third-Party
Administrator-Appellee
Gallagher Bassett Services
Inc.

Presiding Judge

Associate Judge

Associate Judge

3